(Court of Appeal, Parish of Orleans.)

## JAMES DE B. SEGUIN VS. CARONDELET REALTY CO. ET ALS.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "C."

H. G. Stewart, Lyle Saxon, for Plaintiff and Appellant.

A. D. Danziger, for Defendant and Appellee.

DUFOUR, J.    In October, 1906, plaintiff leased from defendant the third floor of a certain building in this City for the term of one year.    In December the defendant undertook to make certain repairs to the building, and the plaintiff a few days afterwards sued defendant for damages for illegal trespass, the damages being itemized as follows:

"For the illegal trespass on your petitioner's premises, without petitioner's consent, the sum of $1,500.    Damage to his business, inconvenience and annoyance, in the sum of $500."

There is no dispute as to the law, and the issue is one of fact.    The reasons for judgment of the District Judge are as follows:

"This case is not made out.    The evidence is conflicting, but, on the whole, I conclude that plaintiff consented to the entry of the contractors upon the premises for the purpose of underpinning the wall, whilst they took the front of the lower floor.    He expressed that willingness first to the agent of defendant, and afterwards to the contractors and their workmen. And, even if there was some' misunderstanding on his part when he gave this consent, his subsequent protest was not of a character to leave any impression on the minds of those to whom it was made, other than that he expected compensation for the damage they might do, and to which, of course, he would be entitled in any event.    This case presents none of the elements of a forcible entry or other trespass, even technical, and that is the sole cause of action herein relied upon, plaintiff having been tendered and having refused compensation more than suf-

ficient to reimburse him in any damage to his property or inconvenience due to the temporary interruption of his ingress and egress from the building."

A careful examinaton of the record has led us to the view that the conclusions of fact of the District Judge are correct. That the plaintiff made no positive objection to the entry, and merely intended originally to protect himself in the matter of actual damages, is shown by the following excerpt from his testimony:

"* * * They made no attempt to put anything on my matting at all; they said they were going to tear my matting up, and I told them they could do so if they assumed all responsibilities for damages, and they proceeded."

Pailet, the representative of the defendant company, whose recollection was evidently accepted by the trial judge, said:

"I had a conversation with him (Seguin) a few. days before and told him we had been successful to rent the second floor to get a tenant, and I told him what we were going to do, how we were going to fix the second floor, and I told him that he would have to be put to a little inconvenience by the house raisers to get in his premises to underpin the third floor—to hold up the third floor wall. He had no objections."

Further corroboration as to plaintiff's consent is afforded by the testimony of the contractor and workmen. Hence there is no foundation for the claim of trespass. Consent carried with it the assumption of the inconvenience and annoyance resulting from the proper execution of the work, and it is not contended that there was any unusual or unreasonable delay or any negligence or want of skill on the part of the contractors. No loss in business is shown; the receipts appear to have been about the same during as just previous to the repairs. We think, however, that the plaintiff did not waive his right to recover actual damages done to his property; but no claim is made therefor in this suit.

With the understanding that this judgment does not conclude such claims as plaintiff may have for actual damages in the premises, the judgment is affirmed.